**David MORALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–05–00201–CR.**

Court of Appeals of Texas,
El Paso.

March 1, 2007.

Jaime E. Gandara, El Paso County Public Defender's Office, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for state.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## *OPINION*

DAVID WELLINGTON CHEW, Chief Justice.

David Morales was indicted for one count of aggravated sexual assault of a child and one count of indecency with a child. A jury found him guilty of both offenses and assessed punishment at 35 years' imprisonment for the aggravated sexual assault of a child offense and 20 years' imprisonment for the indecency with a child offense. On appeal, Appellant argues the trial court erred in denying his challenge for cause against a prospective juror. He also argues the trial court erred in denying his motion for new trial, in which he raised an ineffective assistance of counsel claim on the grounds that counsel's failure to exercise a peremptory challenge against the prospective juror and to properly preserve error of the challenge for cause. We reverse and remand.

On May 18, 1996, six-year-old E.O., the complaining witness, attended a Holy Communion celebration at the home of

Appellant. E.O. encountered Appellant in the kitchen and he took her to the bathroom. In the bathroom, Appellant put E.O. on his lap and began touching her vagina with his index and middle fingers. He also inserted his fingers into E.O.'s vagina. Appellant was interrupted when one of E.O.'s friends opened the bathroom door. A month later, E.O. made an outcry of sexual abuse to her mother.

## CHALLENGE FOR CAUSE

■ In Issue One, Appellant contends the trial court erred in overruling his challenge for cause against venireperson Robyn Wyatt. Specifically, Appellant asserts that Ms. Wyatt, who was then employed as a prosecutor by the District Attorney's Office of El Paso County was subject to challenge under Article 35.16(a)(9), in contravention to his right to a fair trial by an impartial jury.

■ During voir dire, Appellant challenged venireperson Robyn Wyatt for cause, arguing that Ms. Wyatt was automatically excluded because, as a prosecutor for the District Attorney's Office, she was a party to the suit and disqualified under Article 35.16. To preserve error on the trial court's denial of a challenge for cause, an appellant must: (1) assert a clear and specific challenge for cause; (2) use a peremptory strike on the complained-of venireperson; (3) exhaust all his peremptory strikes; (4) request additional strikes; (5) identify an objectionable juror; and (6) claim that he would have struck the objectionable juror with a peremptory strike if he had one to use. *Allen v. State*, 108 S.W.3d 281, 282 (Tex.Crim.App.2003); *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim.App.2002). Appellant did not exercise one of his peremptory strikes on venireperson Robyn Wyatt. Therefore, he has failed to preserve error on the trial court's

denial of his challenge for cause of that venireperson. Issue One is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ Within Issues Two and Three, Appellant asserts his trial counsel rendered ineffective assistance by failing to preserve error on the denial of his challenge for cause against venireperson Wyatt, which resulted in not seating an impartial jury and denied his right to a fair trial under Tex. Const. art. I, § 15.

To prevail on an ineffective assistance of counsel claim, a defendant must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Rodriguez v. State*, 899 S.W.2d 658, 664 (Tex.Crim.App.1995).

In reviewing an ineffective assistance of counsel claim, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and the appellant must overcome the presumption that the challenged conduct might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999). Any allegation of ineffectiveness must be firmly founded and affirmatively demonstrated in the record to overcome this presumption. *Thompson*, 9 S.W.3d at 813. When faced with a silent record as to counsel's strategy, this Court will not speculate as to the reasons for counsel's actions. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). It is the defendant's burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson*, 9 S.W.3d at 813.

Here, Appellant filed a motion for new trial, alleging jury misconduct and ineffective assistance by his trial counsels, attorneys Charles Roberts and Angelina Lugo, for their deficient performance during voir dire. At the hearing, Mr. Roberts testified that he was lead counsel in Appellant's trial and has been practicing criminal law for thirty years. Mr. Roberts was familiar with the procedure for preserving error when a challenge for cause has been denied and had used that procedure numerous times. Specifically, Mr. Roberts stated that in this case, he should have exercised a peremptory challenge on venireperson Robyn Wyatt and requested additional peremptory challenges on two other objectionable venirepersons. Mr. Roberts testified that the decision to leave venireperson Wyatt on the jury was made in a vacuum and that he made the mistake of never looking at her juror questionnaire because he had decided that she would be struck anyway. Mr. Roberts stated that he and Ms. Lugo did not look at venireperson Wyatt's jury questionnaire until after the verdict. If he had seen that she had been a victim of indecent exposure, that her father was a thirty-three-year police veteran, and that many of her friends and associates were in law enforcement, he would have never let her on the jury. Mr. Roberts testified that there was no strategic reason or purpose for leaving venireperson Wyatt on the jury. He believed that his mistake constituted ineffective assistance which deprived his client of a fair and impartial jury and resulted in a conviction and thirty-five year sentence. On cross-examination, Mr. Roberts agreed that he knew that venireperson Wyatt was still a qualified juror who had not been struck for cause when his motion was denied and knew that she could have been struck with one of the ten peremptory strikes he had been given, but he chose not to.

Angelina Lugo testified that she has practiced law for about seven years and acted as co-counsel in Appellant's defense. She was present during jury selection and knew that Mr. Roberts' challenge for cause against venireperson Wyatt was denied, but was not familiar with the procedure for preserving error on the denial of a challenge for cause. Ms. Lugo saw venireperson Wyatt's name on the juror sheet on the evening before voir dire and knew that Ms. Wyatt was a prosecutor. She did not read Ms. Wyatt's juror questionnaire because she assumed they would strike Ms. Wyatt. The first time she examined the juror questionnaire was after the verdict on punishment. According to Ms. Lugo, there was no strategic reason for leaving venireperson Wyatt on the jury and it was grossly ineffective assistance because the error caused the verdict of guilt and punishment.

The State called the Honorable Judge Sam Medrano, Jr. of the 409th Judicial District Court of El Paso County to testify. Judge Medrano, who had not served as the presiding judge in Appellant's trial, recalled that at some point while the jury was deliberating in the guilt-innocence phase of trial, Mr. Roberts came into his chambers and struck up a conversation with him about why the jury had been deliberating so long. Judge Medrano replied that when a prosecutor is the presiding juror, he would assume that it was going to take a while before the jury would come back with questions or a verdict. Mr. Roberts indicated to him that it was a decision on defense counsel's part to leave Ms. Wyatt on the jury because there was another prospective juror that they felt they needed to strike more than Ms. Wyatt and that Ms. Wyatt was a prosecutor that they had dealt with who was as fair a prosecutor as they had ever dealt with and they felt comfortable with her being a juror in this case. The judge

explained that by this time the entire courthouse knew that a prosecutor was the presiding juror in this case and that he understood Mr. Roberts to be conveying to him that he knew that too and that it was a decision he made to leave her on the jury.

On cross-examination, Judge Medrano testified that he had no discussion with Mr. Roberts about whether or not he looked at venireperson Wyatt's juror questionnaire. Judge Medrano stated that in the process of preparing for and doing a jury selection, a lawyer is supposed to read the juror questionnaires and is not properly prepared if he fails to do so. Judge Medrano testified that the only way he would leave a defense lawyer or a prosecutor on a jury was if he knew the person very, very well or had a friendship with the person. Based on venireperson Wyatt's responses in her questionnaire, Judge Medrano stated again that the only reason he would leave someone with her questionnaire was if he had some personal insight into that person that was not included in the questionnaire.

When Mr. Roberts was re-called to testify, he explained that he was being defensive in his conversation with Judge Medrano because he was receiving a lot of comments that basically he was insane to leave Robyn Wyatt on the jury. He still had not read the juror questionnaire and was trying to give an explanation for his actions. Mr. Roberts testified that he was being less than candid to Judge Medrano and only made those statements in order to defend himself and his professional integrity.

Under Article 35.16, a juror is subject to a challenge for cause if that juror has a bias or prejudice in favor or against a defendant. *See* TEX.CODE CRIM.PROC.ANN. art. 35.16(a)(9) (Vernon 2006). Appellant asserts that venireperson Wyatt should have been stricken for cause because her employment as an Assistant District Attorney for the El Paso District Attorney rendered her partial and biased under the implied bias doctrine. Appellant argues that allowing a lawyer who prosecutes cases for the prosecutor agency is apparent and obvious bias and resulted in the denial of his constitutional right to a fair trial and impartial trial. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10.

■ Whether a juror's partiality may be presumed from the circumstances is a question of law. *Ruckman v. State*, 109 S.W.3d 524, 528 (Tex.App.-Tyler 2000, pet. ref'd). The United States Supreme Court has never explicitly adopted or rejected the implied bias doctrine. *Id.* In *Smith v. Phillips*, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982), Justice O'Connor writing in a concurring opinion, provided examples of extreme situations that would justify a finding of implied bias to avoid a miscarriage of justice: "Some examples might include a revelation that the juror is an actual employee of the prosecuting agency...." *Smith*, 455 U.S. at 222, 102 S.Ct. at 948. Justice O'Connor further stated, "[w]hether or not the state proceedings result in a finding of 'no bias,' the Sixth Amendment right to an impartial jury should not allow a verdict to stand under such circumstances." *Smith*, 455 U.S. at 222, 102 S.Ct. at 949. We are now presented with the very "extreme" situation which gave Justice O'Connor such grave concern.

■ The State points out that during voir dire, venireperson Wyatt stated that she could be fair and impartial despite her background as a prosecutor and her knowledge of the State prosecutors, investigators, law enforcement, the judge, and defense counsel. "The doctrine of implied bias is limited in application to those extreme situations where the relationship be-

tween a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances." *Ruckman*, 109 S.W.3d at 528, *citing Person v. Miller*, 854 F.2d 656, 664 (4th Cir.1988). While venireperson Wyatt may have believed she could set aside her status as an employee of the prosecuting agency, even a well-meaning person would find it difficult to remain impartial under such circumstances and most likely would be unconsciously blinded by otherwise good intentions. It is fair to say that venireperson Wyatt may believe herself to be fair and impartial, but nevertheless she should have been disqualified in the interest of justice. It is of fundamental importance that: "[J]ustice should not only be done but should manifestly and undoubtedly be seen to be done." Because venireperson Wyatt was disqualified from serving as a juror for her implied bias as a matter of law, Appellant's trial counsel rendered wholly deficient performance by failing to preserve the error of the denial of his challenge for cause. Further, we find that counsel's deficient performance resulted in a trial before a partial jury, which prejudiced the defense. Finding that Appellant was denied effective assistance of counsel, we sustain Issues Two and Three.

We reverse the judgment and remand the cause for a new trial.