Opinion filed August 9, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed August 9, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00235-CR 

                                                     __________

 

                                      TONY
RAY JONES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 70th District Court

 

                                                           Ector County, Texas

 

                                                 Trial
Court Cause No. A-31,689

 



 

                                                                   O
P I N I O N

 

The jury convicted Tony Ray Jones of aggravated
sexual assault of a child and assessed his punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice  for a term of ninety-nine years.   Appellant raises four issues on appeal.  The first and second issues concern the
service of a particular juror.  In his
third issue, appellant alleges that trial counsel acted ineffectively by Aopening the door@
to prejudicial evidence.  In his fourth
issue, appellant challenges the trial court=s
admission of expert testimony.  We
affirm.








                                                               Background
Facts

We note at the outset that appellant does not
challenge the sufficiency of the evidence supporting his conviction.  C.M.D., the victim, was appellant=s fourteen-year-old stepdaughter.  She testified that appellant had sexual
intercourse with her several times over the course of a six-month period.  Some of the episodes occurred during a period
when her mother was incarcerated.  The
last encounter occurred while the family was living in a small travel
trailer.  A physical altercation ensued
between appellant and C.M.D.=s
mother when the mother observed appellant attempting to have sexual intercourse
with C.M.D.

                                                                 Service
of Juror

Attorney David Greenhaw previously served as
appellant=s counsel
in the underlying proceeding for a brief period.  His representation of appellant did not end
amicably.  Attorney Greenhaw=s wife, Elaine Greenhaw, was selected
to serve on the jury.  The trial court
discovered her relation to Attorney Greenhaw soon after empaneling the
jury.  Both the prosecutor and appellant=s trial counsel informed the trial
court that they were not aware of Mrs. Greenhaw=s  connection to the previous defense counsel
until the court advised them of the fact after jury selection.[1]  








The trial court questioned Mrs. Greenhaw outside
of the presence of the other jurors regarding her knowledge about the
case.  During the questioning, the trial
court did not reveal to Mrs. Greenhaw that her husband had previously served as
appellant=s
counsel.  Instead, the trial court
premised its questioning of Mrs. Greenhaw on the fact that her husband was Ainvolved in a lot of criminal practice.@ 
Mrs. Greenhaw stated that her husband knew that she had been selected to
serve on the jury but that they had not discussed the case.  The trial court then instructed Mrs. Greenhaw
to not discuss Athis case
at all@ with her
husband.  The trial court also informed
Mrs. Greenhaw that it would likely question her again at the end of the
proceedings to determine her compliance with the court=s
instruction.  The trial court then
permitted appellant=s trial
counsel to question Mrs. Greenhaw. 
Appellant=s trial
counsel asked if she had told her husband the name of the case being
tried.  She stated that she did not tell
her husband the name of the case but that he had been in the courthouse that
day and that he knew what case was being tried. 
Mrs. Greenhaw further stated, however, that they had not discussed the
case. 

After the trial court and appellant=s trial counsel concluded their
questioning of Attorney Greenhaw, appellant=s
trial counsel moved for a mistrial on the basis of Mrs. Greenhaw=s relation  to Attorney Greenhaw.  Trial counsel advised the trial court that he
overlooked her connection to Attorney Greenhaw during jury selection and that
he would have either moved to have her stricken for cause or exercised a
peremptory strike against her.[2]  In overruling the motion, the trial court
stated that it did not believe that Mrs. Greenhaw had concealed anything and
that it did not believe that a mistrial would be proper without a showing that
Mrs. Greenhaw had done something improper. 
Appellant=s trial
counsel responded to the trial court=s
ruling by asking to question Mrs. Greenhaw further.  Specifically, appellant=s trial counsel wanted to question Mrs.
Greehaw about any discussions that she may have had with Attorney Greenhaw
about appellant.  The trial court  overruled this request.

At the conclusion of the punishment phase, the
trial court asked Mrs. Greenhaw if she had discussed the case with her
husband.  She replied that she had not
discussed it with him.








Appellant alleges in his first issue that his
trial counsel rendered ineffective assistance of counsel in failing to either
challenge Mrs. Greenhaw for cause or use a peremptory strike on her.  The Sixth Amendment guarantees the right to
reasonably effective assistance of counsel in a state criminal proceeding.  Garcia v. State, 57 S.W.3d 436, 440 (Tex.
Crim. App. 2001); see U.S. Const.
amend. VI.  To determine whether
appellant=s trial
counsel rendered ineffective assistance, we must first determine whether
appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors. Wiggins v. Smith, 539 U.S.
510 (2003); Strickland v. Washington,
466 U.S. 668 (1984); Andrews
v. State, 159 S.W.3d 98 (Tex.
Crim. App. 2005); Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App.
1999).  We must indulge a strong
presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance; and
an appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Strickland, 466 U.S.
at 689; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  The second prong requires a showing that
counsel=s errors
were so serious as to deprive the defendant of a fair trial. Strickland,
466 U.S.
at 687. Prejudice is demonstrated when the defendant shows Aa reasonable probability that, but for
counsel=s
unprofessional errors, the result of the proceeding would have been different.@  Id.
at 694.  Although it is possible that
a single egregious error of omission or commission by appellant=s counsel constitutes ineffective
assistance, counsel=s actions
must be judged by the Atotality
of the representation@
rather than by isolated acts or omissions of trial counsel.  Thompson, 9 S.W.3d at 813; see Jackson v. State, 766
S.W.2d 504, 508 (Tex. Crim. App. 1985).

An allegation of ineffective assistance must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness. Thompson, 9 S.W.3d at 814.  Under normal circumstances, the record on
direct appeal will not be sufficient to show that counsel=s representation was so deficient and
so lacking as to overcome the presumption that counsel=s
conduct was reasonable and professional. Bone v. State, 77 S.W.3d 828,
833 (Tex.
Crim. App. 2002). Rarely will the record on direct appeal contain sufficient
information to permit a reviewing court to fairly evaluate the merits of such a
serious allegation. Id.  The record on direct appeal is usually
inadequate because it is silent as to trial counsel=s
strategy.  Appellant=s ineffective assistance complaint
regarding Mrs. Greenhaw=s
service on the jury is somewhat atypical because trial counsel stated on the
record that his omission was an oversight as opposed to the product of trial
strategy.      Even if we were to assume that appellant=s
trial counsel=s failure
to exclude Mrs. Greenhaw from serving on the jury fell below an objective
standard of reasonableness, appellant must establish by a reasonable
probability that he was harmed.   We
conclude that appellant has not met this burden.  Appellant bases his prejudice argument on the
contention that it was Ahighly
unlikely@ that
Mrs. Greenhaw had not discussed the case with her husband.  Appellant=s
speculation about what Mr. and Mrs. Greenhaw possibly discussed does not rise
to the level of a reasonable probability that the outcome of the trial would
have been different. 








Moreover, Mrs. Greenhaw denied ever discussing the
case with her husband when the trial court and appellant=s
counsel questioned her after the jury was empaneled.   Appellant is essentially  asserting that we must disregard the trial
court=s
acceptance of her responses.  The trial
court is in the best position to evaluate a prospective juror=s sincerity and ability to be fair and
impartial.  See Mount v. State,
217 S.W.3d 716, 722 (Tex.
App.CHouston
[14th Dist.] 2007, no pet.). 
Accordingly, we give great deference to the trial court in matters
concerning the sincerity of a juror=s
answers.  Id. 


We are mindful of isolated cases where courts have
recognized an implied bias on the part of a juror.  In Morales v. State, 217 S.W.3d 731,
735-36 (Tex. App.CEl Paso
2007, no pet.), the court held that an assistant district attorney working in
the same office as the prosecutor in a criminal case had an implied bias as a
matter of law despite her statements that she could be a fair and impartial
juror.  In Reynolds v. State, 294
S.W.2d 108, 109 (Tex. Crim. App. 1956), the Texas Court of Criminal Appeals
held that the wife of the district attorney who actively prosecuted the case
also possessed an implied bias that precluded her service as a juror.  The doctrine of implied bias is limited to
those extreme situations where the relationship between a prospective juror and
some aspect of the litigation is such that it is highly unlikely that the
average person could remain impartial.  Ruckman
v. State, 109 S.W.3d 524, 528 (Tex. App.CTyler
2000, pet. ref=d).  The doctrine is inapplicable in this case,
however, because there is no evidence that Mrs. Greenhaw was aware that her
husband previously served as defense counsel. 
Without this evidence, appellant cannot establish that he was prejudiced
by Mrs. Greenhaw=s service
as a juror.  Appellant=s first issue is overruled.

In his second issue, appellant asserts that the
trial court erred in overruling his motion for mistrial with respect to Mrs.
Greenhaw=s service
as a juror.  The denial of a motion for
mistrial is reviewed for an abuse of discretion.  Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999).  In addition to arguing
that the trial court abused its discretion in overruling the motion for
mistrial, appellant also asserts that the trial court abused its discretion in
not permitting appellant=s
trial counsel to ask Mrs. Greenhaw additional questions.  We disagree with both contentions.








The trial court allowed appellant=s trial counsel to question Mrs.
Greenhaw after the jury was selected. 
Trial counsel took advantage of this opportunity by asking her a
question.  Trial counsel did not seek to ask
Mrs. Greenhaw additional questions until after the initial questioning had
concluded and she had returned to the jury room.  We conclude that the trial court did not
abuse its discretion in refusing to permit trial counsel to ask Mrs. Greenhaw
additional questions. If a prospective juror states her position clearly and
without reservation, the trial court does not err in refusing to permit further
questioning.  See Mount, 217
S.W.3d at 723. Furthermore, the trial court exercised caution in not revealing
to Mrs. Greenhaw that her husband had previously served as defense
counsel.  This information may have been
revealed to her if she were asked additional questions.  

We also conclude that the trial court did not
abuse its discretion in overruling the motion for mistrial.  As noted previously, the trial court is in
the best position to assess the veracity of a juror=s
responses.  The trial court accepted Mrs.
Greenhaw=s denial
that she had not discussed the case with her husband.  We are unwilling to reject the trial court=s determination that her responses were
true.  Appellant=s
second issue is overruled.

                                                         Evidence
of Civil Lawsuits         

Appellant testified on his own behalf during the
guilt/innocence stage of trial.  At the
conclusion of appellant=s
direct examination, his trial counsel asked him about his previous criminal
record.  Trial counsel then asked him
about civil lawsuits that he filed while awaiting trial.  Appellant responded that he had filed
lawsuits against the sheriff and workers at Child Protective Services because
he was outraged about the charges brought against him.  The prosecutor began her cross-examination of
appellant with additional questions about the civil lawsuits.  Appellant testified on cross-examination that
he also sued two previous attorneys that had represented him on the underlying
charges.[3]








Appellant asserts in his third issue that his
trial counsel provided him with ineffective assistance of counsel by eliciting
prejudicial testimony about the civil lawsuits that he had filed and opening
the door to further questioning about the lawsuits from the prosecutor.  We disagree. 
The record does not set out trial counsel=s
reasoning for asking appellant about the civil lawsuits.  In the absence of this evidence, we are
unable to determine if trial counsel asked these questions as a part of sound
trial strategy.  Defense attorneys often
ask their clients about prejudicial matters during direct examination to minimize
the damage that will be caused by this information being revealed during
cross-examination.  Appellant=s third issue is overruled.

                                                                Expert
Testimony

The State called Cindy Trifon, a therapist at
Harmony Home Children=s
Advocacy Center, as a witness during the
guilt/innocence phase.  Trifon counseled
C.M.D. on a weekly basis at the time of trial. 
In his fourth issue, appellant contends that the trial court erred in
permitting Trifon to testify about the symptoms of sexual assault that C.M.D.
exhibited.  Appellant asserts that Trifon
did not possess the requisite qualifications to present expert testimony of
this type.

A trial court must inquire if an expert witness
qualifies as an expert by reason of his or her knowledge, skill, experience,
training, or education.  Tex. R. Evid. 702; Vela v. State,
209 S.W.3d 128, 131 (Tex.
Crim. App. 2006).  The expert=s background must be tailored to the
specific area of expertise in which the expert desires to testify.  Vela, 209 S.W.3d at 133.  We will not disturb a trial court=s determination that a witness is or is
not qualified as an expert unless a clear abuse of discretion is shown. Morales
v. State, 32 S.W.3d 862, 865 (Tex.
Crim. App.  2000).  An appellate court should consider three
criteria when determining whether a trial court abused its discretion in
evaluating a witness=s
qualifications as an expert: (1) Ais
the field of expertise complex@;
(2) Ahow
conclusive is the expert=s
opinion@; and (3)
Ahow central is the area of expertise to
the resolution of the lawsuit.@  Vela, 209 S.W.3d at 131; Rodgers v.
State, 205 S.W.3d 525, 527-28 (Tex.
Crim. App. 2006).

Trifon testified that she had a master=s degree in psychology and that she was
a licensed professional counselor in Texas.  She stated that, in order to be a licensed
professional counselor in Texas,
a candidate must have a practicum of 450 hours and an internship of 2,000
hours.  Trifon has been a practicing
licensed professional counselor for ten years. 
She specialized in counseling abused children, including sexually abused
children, and she had been a Aplay
therapist@ for five
years.  Trifon testified that she had
counseled over 1,000 children.  








Appellant=s
trial counsel objected to the prosecutor=s
question to Trifon to identify the symptoms of sexual abuse that C.M.D.
exhibited on the basis that Trifon was not qualified to answer the
question.  The trial court overruled the
objection.  Trifon subsequently testified
that C.M.D. exhibited symptoms of depression, anxiety, significant weight gain,
anger, and acting out.  Trifon stated
that the symptoms that C.M.D. exhibited are similar to the symptoms she had
seen in other children who had been sexually abused.

We conclude that the trial court did not abuse its
discretion in determining that Trifon was qualified to testify about the
symptoms of sexual abuse exhibited by C.M.D. 
Trifon provided the court with a record of extensive experience in
counseling sexually abused children.  She
tied the symptoms that she observed in C.M.D. with what she had observed in
other sexually abused children.  Appellant=s fourth issue is overruled.

                                                                This
Court Ruling

The judgment of the trial court is affirmed.

 

 

PER CURIAM

 

August 9, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.











[1]Mrs. Greenhaw did not respond in the affirmative to a
general question to the jury panel during voir dire that asked if anyone knew
appellant or his trial counsel.





[2]The trial court subsequently included Mrs. Greenhaw=s juror questionnaire as a part of the appellate record
on its own motion.  Mrs. Greenhaw listed
her ASpouse=s Name@ as ADavid@ and her ASpouse=s Occupation@ as ALawyer.@





[3]Appellant did not identify the attorneys that he had
sued.  The prosecutor informed the trial
court during a bench conference that appellant had not sued Attorney
Greenhaw.  At the trial court=s suggestion, the prosecutor did not seek additional
information about appellant=s civil lawsuits.