COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| DAVID MORALES, | | No. 08-05-00201-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 409th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 960D06482) |
| | § | |
| | § | |

## **O P I N I O N**

David Morales appealed his convictions for aggravated sexual assault of a child and indecency with a child. We reversed and remanded the case for new trial after holding that Appellant was denied effective assistance of counsel when his attorneys failed to preserve the trial court's error in denying a challenge for cause made against a member of the venire who was also an El Paso Assistant District Attorney. *Morales v. State*, 217 S.W.3d 731, 736 (Tex.App.-- El Paso 2007, pet. granted), *rev'd*, *State v. Morales*, 253 S.W.3d 686 (Tex.Crim.App. 2008). The State filed a petition for discretionary review, which was granted. The Court of Criminal Appeals reversed and remanded the case so that we may address the remainder of Appellant's allegations of ineffective assistance of counsel. *State v. Morales*, 253 S.W.3d 686, 699 (Tex.Crim.App. 2008). We affirm the convictions.

In our prior opinion, we summarized the facts underlying Appellant's conviction as follows:

On May 18, 1996, six-year-old E.O., the complaining witness, attended a Holy Communion celebration at the home of Appellant. E.O. encountered Appellant in the kitchen and he took her to the bathroom. In the bathroom, Appellant put E.O. on his lap and began touching her vagina with his index and middle fingers. He also inserted his fingers in E.O.'s vagina. Appellant was interrupted when one of E.O.'s friends opened the bathroom door. A month later, E.O. made an outcry of sexual abuse to her mother.

*Morales,* 217 S.W.3d at 732-33.

In Issue Three, Appellant contends he was denied his constitutional right to effective assistance of counsel due to a variety of errors trial counsel committed during jury selection. Appellant presents his arguments as follows:

A.    Appellant's trial lawyers neglected to read the juror information sheet on the prosecutor/juror, Robyn Wyatt. If it could be rationally argued that anything more than her status as a prosecutor actively employed by the prosecutor prosecuting the Appellant were needed to inspire the use of a peremptory challenge, the juror information sheet set out numerous items of information that would give any reasonable defense lawyer an absolute basis for striking her.[1]

B.    They failed to exercise a peremptory challenge against the juror, Wyatt.

C.    They failed to preserve error on the trial court's denial of their challenge for cause against juror Wyatt.[2]

D.    Trial counsel elicited testimony that the sexual assault alleged by the complaining witness on direct examination was not the only incident in which she had been molested by the Appellant.

E.    Trial counsel insisted on the introduction of the entirety of an otherwise inadmissible videotape of an interview between the complaining witness

---

[1] Besides her employment as an El Paso prosecutor, Ms. Wyatt's juror information sheet revealed that she was the daughter of a thirty-three-year police veteran. The questionnaire also indicated she had been the victim of more than one incident of indecent exposure.

[2] As Appellant's complaint in paragraph C was part of the basis for the Texas Court of Criminal Appeals' decision in *State v. Morales*, there is no need for us to address the point again on remand. *See State v. Morales*, 253 S.W.3d 686, 697 (Tex.Crim.App. 2008).

and a social worker in which the complainant, at six years of age and shortly after the first communion party, was telling of multiple acts of sexual abuse and assault by the Appellant against her.

F. As the opener for Appellant's case, trial counsel published the videotape to the jury.

G. During the case in chief for the Appellant, trial counsel re-called the complainant to the witness stand, apparently in an attempt to cross-examine her about the statements in the videotape, with the result that the allegations were recounted once again in detail.

H. Trial counsel failed to present testimony about the good character for truthfulness of the Appellant through witnesses who were present and testified at trial.

I. Trial counsel failed to present testimony through these witnesses of the Appellant's lack of any behavior or character trait as a child molester.

J. Trial counsel failed to elicit eyewitness testimony available to him that the events told by the complaining witness on direct examination did not happen.

K. Trial counsel did not make a concerted and serious presentation of evidence on behalf of the Appellant until the punishment phase, after the jury had convicted him on both counts of the indictment.

A claim of ineffective assistance of counsel consists of two components. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The appellant must establish both that his trial counsel performed deficiently, and that the deficiency caused him prejudicial harm. *Id*. When evaluating trial counsel's performance under the first prong, the reviewing court must not second-guess legitimate strategic or tactical decisions made in the midst of trial. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. 2065. Instead, a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance must be indulged. *Id*. Absent a record sufficient to demonstrate that counsel's

conduct was not the product of a strategic or tactical decision, a reviewing court should presume that the attorney's performance was constitutionally adequate. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). Unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it" the constitutional standard is not offended. *Id*.

Any allegation of ineffectiveness must be firmly grounded in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). It is the appellant's burden to demonstrate both deficient performance and prejudice, by a preponderance of the evidence. *See Thompson*, 9 S.W.3d at 813. The reviewing court must consider the totality of the representation and the particularities of each case in evaluating effectiveness. *Id*.

Appellant's motion for new trial, as well as the record of the motion for new trial hearing, are completely silent on the points raised in paragraphs D through K, as listed above. Because the record is silent regarding Appellant's trial lawyers' decisions to present his case as they did, Appellant cannot overcome the presumption that counsels' actions did not fall outside the range of constitutional effective assistance on these grounds. *See Torres v. State*, 141 S.W.3d 645, 658 (Tex.App.--El Paso 2004, pet. ref'd).

The focus of Appellant's motion and the evidence presented at the new trial hearing, was defense counsels' failure to review juror Wyatt's information sheet, and thereafter counsels' failure to strike her from the jury as outlined in paragraphs A and B above. During the hearing, Appellant's lead trial counsel, Mr. Charles Roberts, testified that he was aware that Ms. Wyatt was an assistant district attorney for El Paso County, and that he made a challenge for cause against her being seated on the jury on the basis of her status as a prosecutor. He continued by explaining that once the trial court denied his challenge for cause, Ms. Wyatt should have been

the subject of a peremptory strike to prevent her from sitting on the panel. He also admitted that he had the opportunity to strike Ms. Wyatt following the denial of his challenge for cause and did not take advantage of that opportunity. According to Mr. Roberts and his co-counsel's testimony, there was no reason for their inaction with regard to Ms. Wyatt. Mr. Roberts testified that he had assumed his co-counsel had reviewed the juror information sheet, and that he did not review Ms. Wyatt's questionnaire personally until after the jury returned a verdict. Throughout the hearing, Mr. Roberts and his co-counsel maintained that it was a mistake to allow Ms. Wyatt to be seated on the panel, and that the mistake was not the result of any tactical decision or strategy.

The State presented evidence via the testimony of the Hon. Sam Medrano, who was the Judge of the 409th Judicial District Court at the time of Appellant's trial. Although Judge Medrano did not preside over Appellant's trial, he testified that he had a conversation with Mr. Roberts regarding Ms. Wyatt's presence on the jury while the jury was in deliberations. According to Judge Medrano, Mr. Roberts stated that it was a conscious decision to leave Ms. Wyatt on the jury during their conversation. Mr. Roberts never indicated that Ms. Wyatt's presence on the jury was the result of a mistake or lapse in concentration. Judge Medrano testified that Mr. Roberts indicated he and his co-counsel decided to leave Ms. Wyatt on the panel because they had identified at least one other venire member who was more objectionable than Ms. Wyatt. Mr. Roberts explained to the judge that he had considered Ms. Wyatt's employment, but that he was more concerned with another potential juror. Judge Medrano recalled that Mr. Roberts stated that he was not uncomfortable with Ms. Wyatt sitting on the panel, especially given his experience with Ms. Wyatt, "as fair a prosecutor as they've ever dealt

with, and that they felt comfortable with her being a juror in this case because of their working relationship with her as a prosecutor."

Ultimately the decision to grant or deny a motion for new trial rests in the trial court's discretion. *See Webb v. State*, 232 S.W.3d 109, 112 (Tex.Crim.App. 2007). We review the trial court's ruling for an abuse of discretion; viewing the evidence in the light most favorable to the trial court's decision and upholding that decision so long as it falls within the zone of reasonable disagreement. *Id*. The trial court is the sole fact finder with the right to accept or reject any part of a witness's testimony. *See Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App. 1995). Given the conflicting testimony on the issue of Ms. Wyatt's presence on the jury, Appellant's attorneys' failure to review her juror information, and strike her from the panel, the trial court did not abuse its discretion by denying Appellant's motion. *See Webb*, 232 S.W.3d at 112, *citing Charles v. State*, 146 S.W.3d 204, 208 (Tex.Crim.App. 2004). Because Appellant did not carry his burden to establish by a preponderance that his trial attorneys' representation fell below the standard for effective assistance, Issue Three is overruled.

As all of Appellant's issues presented for review have been overruled, we affirm the trial court's judgment.

November 20, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)